# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| EUGENE BEAUREGARD and SUSAN BEAUREGARD,<br><br>Plaintiffs,<br><br>v.<br><br>LEWIS COUNTY, WASHINGTON, JOHN HILLOCK and SANDRA HILLOCK, and the marital community composed thereof,<br><br>Defendants. | CASE NO. C11-638 MJP<br><br>ORDER GRANTING LEWIS COUNTY'S MOTION TO CHANGE VENUE AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

This comes before the Court on Defendants' motion to change venue (Dkt. No. 5) and Plaintiffs' motion for default judgment (Dkt. No. 8). Having reviewed the motions, the responses (Dkt. Nos. 7 and 9), the replies (Dkt. Nos. 10 and 11), and all related filings, the Court GRANTS Defendants' motion to change venue and DENIES Plaintiffs' motion for default judgment.

\\

ORDER GRANTING LEWIS COUNTY'S
MOTION TO CHANGE VENUE AND DENYING
PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT- 1

**Discussion**

Plaintiffs Eugene and Susan Beauregard ("the Beauregards") are suing Defendants Lewis County, John Hillock, and Sandra Hillock for violations of the U.S. Constitution and Washington state laws. Based on the complaint, the Beauregards are in a dispute with the Hillocks over property located in Lewis County and believe the Hillocks' reliance on Lewis County to threaten them violates the U.S. Constitution.

1. Venue

Defendants seek a change of venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and Local Rule 5(e).

Pursuant to 28 U.S.C. § 1404(b), a federal court is authorized, in its discretion, to transfer proceedings from one division of a district to another, upon motion, consent, or stipulation of all the parties. Under Local Rule 5(e), a judge may sometimes retain a case in Seattle which would otherwise be considered a Tacoma case, but generally-speaking, Tacoma maintains all civil cases in which all defendants reside, or in which the claim arose, in Lewis County. L.R. 5(e).

Here, the Court recognizes Plaintiffs reside in King County and litigating in Tacoma may be a burden. However, Defendants Lewis County, John Hillock, and Sandra Hillock all reside in Lewis County and the property at issue is located in Lewis County. Therefore, the Court finds a change of venue to Tacoma appropriate.

2. Default Judgment

Plaintiffs seek default judgment against Defendant Lewis County pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The Court finds default judgment unwarranted.

No motion for default judgment should be filed against a party unless the court has previously granted a motion for default against that party pursuant to Local Rule 55(a). LR

ORDER GRANTING LEWIS COUNTY'S
MOTION TO CHANGE VENUE AND DENYING
PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT- 2

55(b). Under Local Rule 55(a), default may only be entered against any party who "has failed to plead or otherwise defend." LR 55(b).

Here, default has not been entered under Local Rule 55(a) nor would default be appropriate. Defendants have sufficiently defended the action. Eighteen days after being served with Plaintiffs complaint, Defendants filed a motion to change venue pursuant to Rule 12(b)(3). (Dkt. No. 5.) While Defendants' pleading would normally be due 21 days after being served with the summons and complaint, the motion to change venue extended the due date for Defendants to file an answer. See Fed. R. Civ. P. 12(a)(4). Under Rule 12(a)(4), Defendants' answer is now due 14 days after the Court renders a decision about venue. Since the Court now rules on Defendants' motion, Defendants have 14 days from entry of this Order to file an answer, and have not yet failed to plead or otherwise defend the action. While Plaintiffs mistakenly believe the motion to change venue is meritless, Rule 12(a)(4)'s change in deadline applies to both winning and losing motions. Defendants' motion sufficiently defends the action regardless of merit and precludes entry of default at this time.

**Conclusion**

The Court GRANTS Defendants' motion to change venue because all Defendants reside in Lewis County and the property at issue is located in Lewis County. The Court DENIES Plaintiffs' motion for default judgment because default has not been entered and Defendants deadline for filing a responsive pleading has not expired. To the extent Plaintiffs noted the motion for default judgment incorrectly, the Court directs Plaintiffs to adhere to Local Rule 7 timelines when filing future motions.

\\

\\

1 | The clerk is ordered to provide copies of this order to all counsel.
2 | Dated this 3rd day of June, 2011.

Marsha J. Pechman
United States District Judge

ORDER GRANTING LEWIS COUNTY'S
MOTION TO CHANGE VENUE AND DENYING
PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT- 4