FILED _____ LODGED
_____ RECEIVED

AUG 29 2011

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EUGENE BEAUREGARD & SUSAN BEAUREGARD, <br><br> Plaintiffs, <br><br> v. <br><br> LEWIS COUNTY, WASHINGTON, JOHN HILLOCK & SANDRA HILLOCK, and the marital community composed thereof, <br><br> Defendants. | CASE NO. 11-cv-0638 RBL <br><br> ORDER |

This matter is before the Court on Defendant Lewis County's Motion to Dismiss (Dkt. #22), Defendant Hillock's Motion to Dismiss (Dkt. #23), Defendant Lewis County's Motion for Vexatious Litigant Order (Dkt. #26), and Plaintiff's Rule 60(b)(3) Motion to Set Aside Judgment (Dkt. #28). The Court has reviewed the materials for and against said motion, oral argument is unnecessary. For the reasons given below the Motions to Dismiss (Dkt. #22 & 23) are GRANTED, Plaintiff's Motion to Set Aside Judgment (Dkt. # 28) is DENIED and Defendant Lewis County's Motion for Vexatious Litigant Order (Dkt. #. 26) is GRANTED.

ORDER - 1

The Plaintiffs have now filed three federal lawsuits against Lewis County related to their property in Pe Ell, Lewis County, Washington. The first, <u>Beauregard v. Lewis County, et al.</u>, US.D.C. 05-cv-05738 RJB, resulted in an order granting summary judgment in favor of Lewis County (Dkt. #79). The second, <u>Beauregard v. Hillock</u>, 09-cv-01614 RJB, was dismissed by the Court *sua sponte* because the complaint failed to state a claim upon which relief could be granted. This, the third lawsuit, includes a 57-page complaint rehashing the same factual predicate for the first two cases. It reveals no discernable federal civil rights cause of action against the defendants.

This action is duplicative of two prior, recent, unsuccessful lawsuits, both of which were dismissed on summary judgment. These dismissals were affirmed by the Court of Appeals. Plaintiffs' complaint is not well grounded in fact or law. The complaint is frivolous and advanced without good cause. The Beauregard's Rule 60(b)(3) motion seeks to set aside a judgment which is valid in all respects. Alleging fraud on the Court by officers of the Court is a serious matter. The allegation is without merit and the motion is denied. This pattern of behavior abuses the right to access to the courts. Based on this pattern of abuse, the Court finds Plaintiffs Beauregard are "vexatious" litigants.

Accordingly, it is hereby ORDERED that Defendant Lewis County's Motion for a Vexatious Litigant Order is GRANTED. It is further ORDERED:

A. Beauregards are prohibited from pursuing any future civil litigation against Lewis County or their staff, employees or legal counsel, unless plaintiffs either (i) first seek and receive leave to file such litigation from the United States Western District County or (ii) the case is filed on their behalf by legal counsel.

B. Any such request to file must be accompanied by a copy of the putative complaint, a copy of the vexatious litigant order, and an affidavit demonstrating the good faith basis for each claim asserted in the complaint.

C. The Clerk of the Court will not allow the complaint to be filed, nor a summons to be issued, until the Court has reviewed the complaint and determined that there is a facially valid legal and factual basis for filing the complaint, and that the case does not repeal issues already litigated and lost.

D. The Court will equitably toll any statute of limitation or appeal deadline during the time court is reviewing a request for leave to file.

E. This order does not apply to claims against other possible defendants, or to causes of action that arise from activities other than those described in Section A.

IT IS SO ORDERED.

Dated this 29th day of August, 2011.

_____
RONALD B. LEIGHTON
United States District Court Judge